UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

JAMES McGINNISS,
7 Pine Tree Circle, Pelham, Massachusetts 01002,
Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue NW, Washington, DC 20530-0001;
UNITED STATES DEPARTMENT OF THE ARMY,
101 Army Pentagon, Washington, DC 20310,
Defendants.

NOV 18 AM 11:21

Civil Action No. ____________________

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
(Freedom of Information Act, 5 U.S.C. § 552)

## INTRODUCTION

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to compel the United States Department of Justice and the United States Department of the Army to make determinations on and to produce records concerning United States v. MacDonald, No. 75-26-CR-3 (E.D.N.C.), the prosecution for the 1970 murders of Colette, Kimberley, and Kristen MacDonald at Fort Bragg, North Carolina. The records include the recordings of the Army Criminal Investigation Division's April 6, 1970 interviews of Jeffrey R. MacDonald and the records of their custody, and the Department of Justice's prosecution case files and its records of the custody of the trial exhibits. Both departments have let the statutory time limits pass. On one request, for the recording itself, the Federal Bureau of Investigation acknowledged that it holds records, withheld them in full, and was affirmed on appeal. In September the Department of Justice's appellate office told Plaintiff that it expected to decide his appeals "sometime in December." In October the Department's Criminal Division told him that it would complete his request "within 24 months," with its search still pending, and the

Army Criminal Investigation Division told him that it was "unable to provide a firm estimated completion date." Throughout, Plaintiff followed up in writing, asked for estimated completion dates, offered to talk through scope and timing by telephone, and asked that records be released as they were processed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. The Court may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in Pelham, Hampshire County, Massachusetts.

4. Joinder of the defendants is proper under Federal Rule of Civil Procedure 20(a)(2). Plaintiff's claims arise out of a related series of requests for the government's records of a single criminal investigation and prosecution, including investigative records and recorded evidence that passed from the Department of the Army to the Department of Justice, and they present common questions of law and fact. Both departments have been asked for the custody history of the same April 6, 1970 recordings and for the same statements and progress reports from the Army's 1971 reinvestigation.

## PARTIES

5. Plaintiff James McGinniss is an individual residing at 7 Pine Tree Circle, Pelham, Massachusetts 01002. He is the producer and host of the Fatal Vision Podcast, a documentary series concerning United States v. MacDonald, published to the public on YouTube and on podcast platforms, and the custodian of the research archive of his father, the author Joe McGinniss. He researches the case and publishes his findings to the public through the series.

6. Defendant United States Department of Justice is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). The Executive Office for United States Attorneys, the Criminal Division, and the Federal Bureau of Investigation are components of the

Department and have possession, custody, or control of records at issue. The Office of Information Policy decides administrative appeals from the determinations of the other components. The Director of Public Affairs decides requests for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv).

7. Defendant United States Department of the Army is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). The Department of the Army Criminal Investigation Division, known until September 21, 2026 as the United States Army Criminal Investigation Division, including its Crime Records Center and its Freedom of Information Act/Privacy Act Office at 27130 Telegraph Road, Quantico, Virginia 22134, is a component of the Department of the Army and has possession, custody, or control of records at issue. The Office of the General Counsel decides administrative appeals under the Act for the Department of the Army.

## FACTUAL ALLEGATIONS

### A. Department of Justice: the Criminal Division request closed as "misdirected" (CRM-302510090; Appeal A-2026-02299)

8. On August 6, 2026, Plaintiff submitted by electronic mail to the Criminal Division's FOIA/PA Unit a request for "the complete Criminal Division files and enclosures bearing numbers 90-1-7-54 and 90-1-7-7752 (United States v. Jeffrey R. MacDonald), including operational records still held by the Division and the transfer records needed to identify any portions now at the National Archives." The request listed six categories in particular, among them the files' indexes and charge-out cards, the transmittals and container lists for any transfer of the files, and the records of the Department's receipt, copying, transfer, and disposition of the April 6, 1970 recordings and of Government Exhibits 1116 and 1135.

9. On August 7, 2026, one day after it received the request, the Criminal Division closed it, assigning number CRM-302510090 and stating that the request was "misdirected" to the Division. It routed the request to the Environment and Natural Resources Division and to

the Executive Office for United States Attorneys. On information and belief, it conducted no search.

10. On August 19, 2026, the Environment and Natural Resources Division responded that it had searched its files and located no responsive records. With that response it provided a copy of records disposition schedule N1-060-90-001, which the Department submitted for its Criminal Division to the National Archives in 1990. The schedule identifies files 90-1-7-54 and 90-1-7-7752 as the MacDonald case files. As of 1990 it placed the correspondence sections of file 90-1-7-54 in the Criminal Division's file room, the enclosures of that file in records-center accessions 60-85-153 and 60-85-201, and the one correspondence section of file 90-1-7-7752 in accession 60-85-201, and it scheduled the files as permanent records to be transferred to the National Archives thirty years after the close of the case. The National Archives Catalog now lists a Record Group 60 series at College Park, National Archives Identifier 7419381, whose description names the MacDonald cases, whose container list includes file 90-1-7-54, and which cites schedule N1-060-90-001 and records-center transfer numbers W060-85A0153 and W060-85C0201. Which parts of the two files the Criminal Division transferred, when it transferred them, and what it kept are matters within the Division's own records, and Plaintiff's requests ask for those records.

11. On August 24, 2026, Plaintiff appealed the closure of CRM-302510090 to the Office of Information Policy through the Department's FOIA STAR portal. The Office assigned the appeal number A-2026-02299.

12. Twenty working days from August 24, 2026 expired on September 22, 2026. As of the date of this Complaint, the Office of Information Policy has not decided the appeal.

**B. Department of Justice: the Executive Office for United States Attorneys' denial without a search (EOUSA-2026-004845 and 004851; Appeals A-2026-02208 and A-2026-02228)**

13. On August 10, 2026, the Executive Office for United States Attorneys opened the request routed to it by the Criminal Division as EOUSA-2026-004845, tasked the search to the United States Attorney's Office for the Eastern District of North Carolina, invoked unusual circumstances under 5 U.S.C. § 552(a)(6)(B), and assigned the request to its complex processing track. Its acknowledgment gave the subject of the request as "Criminal Division files 90-1-7-54 and 90-1-7-7752 (United States v. Jeffrey R. MacDonald) - April 6, 1970 recordings: receipt, custody, duplication and disposition records/NCE."

14. On August 10, 2026, Plaintiff submitted directly to the Executive Office, through FOIA.gov, a request for the records of the United States Attorney's Office for the Eastern District of North Carolina concerning the custody, transfer, storage, and disposition of the trial exhibits in United States v. MacDonald. The Executive Office opened it as EOUSA-2026-004851.

15. On August 11, 2026, the Executive Office closed EOUSA-2026-004851 as duplicative of EOUSA-2026-004845. Its letter acknowledged that the second request sought "additional and not duplicate material" and stated that the Executive Office would "supplement your original request with the information sought in this request."

16. On August 12, 2026, the Executive Office denied EOUSA-2026-004845 in full, as its final action, on the ground that the records concern a third party and are categorically exempt under 5 U.S.C. § 552(b)(6) and (b)(7)(C) absent the third party's consent, proof of death, or an overriding public interest. The letter gave the subject of the request as "Jeffrey MacDonald" and stated that the Executive Office was "not required to conduct a search." No search was conducted. The same letter invited Plaintiff to request "any public records maintained in our files."

17. That request asked in particular for records of how the Department and the United States Attorney's Office received, stored, copied, transferred, and disposed of the trial exhibits and the recordings. Those are records of the government's own conduct, and the Executive Office's own acknowledgment, quoted in paragraph 13, described the request that way. The exhibits were received in evidence at a public trial, read and played in open court, and litigated on the public docket for four decades, and the conviction is a public judgment. Custody and transfer records can be released with personal identifiers redacted, and the Executive Office made no attempt to segregate them.

18. The National Archives holds ten cartons of the United States Attorney's case files on the prosecution, which its catalog dates 1971 to 1977. On August 13, 2026, in answer to Plaintiff's separate request to the National Archives for those files, a supervisory archivist in the Archives' FOIA program at College Park wrote that the Archives' operational records "mainly document that we do not have custody of further records on this topic" and recommended that Plaintiff "pursue requests with the Department of Justice and the US Attorneys' Office." The trial took place in 1979, and the custody of the exhibits was the subject of docket entries in 1985 and 1986.

19. On August 13, 2026, Plaintiff appealed both determinations to the Office of Information Policy through FOIA STAR. The Office acknowledged the appeals as A-2026-02208 (letter of August 14, 2026) and A-2026-02228 (letter of August 17, 2026), each recorded as received on August 13, 2026.

20. Twenty working days from August 13, 2026 expired on September 11, 2026. As of the date of this Complaint, the Office of Information Policy has not decided either appeal.

**C. Department of Justice: the Federal Bureau of Investigation's withholding of the recording and its refusal to confirm or deny custody records (Request Nos. 1690529-000 and 1752860-000; Appeals A-2026-00041 and A-2026-02302)**

21. On September 29, 2025, Plaintiff submitted to the Federal Bureau of Investigation, through its eFOIPA portal, a request for "the complete audio recording" of the April 6, 1970 Army interview of Jeffrey R. MacDonald. The request stated that the tape was introduced as a government exhibit at the 1979 trial and played in court. The Bureau assigned it Request No. 1690529-000 under the subject "MACDONALD, JEFFREY R (April 6, 1970 Interview Tape)."

22. By letter of October 15, 2025, the Bureau wrote that it had "completed its search for records subject to the FOIA that are responsive to your request" and that "the existence of FBI records is acknowledged." It denied the request in full, stating that the records "are categorically denied pursuant to FOIA exemptions (b)(6) and (b)(7)(C)" as records on a third party. It released no part of any record and described none.

23. Plaintiff appealed to the Office of Information Policy, which assigned the appeal number A-2026-00041. By letter of May 1, 2026, that Office affirmed. It described the appeal as concerning "the FBI's categorical withholding of the audio," stated that "any non-public records responsive to your request would be categorically exempt from disclosure," and advised Plaintiff that "the FOIA permits you to file a lawsuit in federal district court."

24. The recording is not a non-public record. At the trial, on August 7, 1979, the tape "was then played to the Court and jury," and the government moved a copy into evidence as Government Exhibit 1116, together with its transcript, Government Exhibit 1135. In a post-hearing memorandum filed in the case on July 1, 2013 (Docket Entry 344), the government stated that "the tape was ultimately played for the jury at trial." On April 17, 2014, the government filed a copy of Government Exhibit 1135 on the public docket (Docket Entry 353-1). The recording is of the defendant, whose conviction is a public judgment, being questioned by Army investigators in the course of their duties.

25. On August 6, 2026, Plaintiff submitted to the Federal Bureau of Investigation, through its eFOIPA portal, a request for the Bureau's administrative, custody, property, duplication, transfer, and disposition records concerning the audio recording of the April 6, 1970 Army interview of Jeffrey R. MacDonald, a tape of which was received in evidence as Government Exhibit 1116 in United States v. MacDonald. The request identified, as responsive records the Bureau would hold, its served copy of the district court's order of April 10, 1985, the file in which that copy was placed, and any correspondence carrying out the order.

26. By letter dated August 19, 2026, received August 20, 2026, the Bureau assigned the request number 1752860-000 under the subject "MACDONALD, JEFFREY (Disposition and Custody Records of April 6, 1970 Interview Tape)," refused to confirm or deny the existence of responsive records under 5 U.S.C. § 552(b)(6) and (b)(7)(C), and closed the request. On information and belief, no search was conducted.

27. Ten months earlier, in the letter described in paragraph 22, the Bureau had taken the opposite position about the same recording. It searched, and it wrote that "the existence of FBI records is acknowledged." The district court's docket records an order of April 10, 1985 "that the FBI continue to store the items of evidence pending further order from the court," with a copy to the Bureau. A published decision of the district court describes the Bureau's laboratory work on the evidence and the release of government records of the investigation under the Act in 1983 and 1984. See United States v. MacDonald, 778 F. Supp. 1342, 1347-48, 1358 (E.D.N.C. 1991). The conviction is a public judgment, and confirming whether the Bureau holds records of its custody of the evidence would disclose nothing about any individual that the public record of the case does not.

28. On August 24, 2026, Plaintiff appealed to the Office of Information Policy through FOIA STAR. The Office assigned the appeal number A-2026-02302.

29. Twenty working days from August 24, 2026 expired on September 22, 2026. As of the date of this Complaint, the Office of Information Policy has not decided the appeal.

**D. Department of Justice: the Executive Office's public-records request (EOUSA-2026-004908)**

30. On August 13, 2026, Plaintiff submitted to the Executive Office through FOIA.gov the request its August 12, 2026 letter had invited: six enumerated categories of public records in the files of the United States Attorney's Office for the Eastern District of North Carolina concerning case 75-26-CR-3.

31. By letter dated August 14, 2026, the Executive Office opened the request as EOUSA-2026-004908, invoked unusual circumstances, assigned the request to its complex processing track, and stated that it was "extending the time limit to respond to our request beyond the ten additional days provided by the statute." It stated no date on which a determination was expected to be dispatched.

32. Section 552(a)(6)(B)(i) permits an extension of no more than ten working days and requires the notice to state the date on which a determination is expected to be dispatched. Beyond that, § 552(a)(6)(B)(ii) provides only for the requester to be given an opportunity to limit the request or to arrange an alternative time frame. No alternative time frame has been arranged, and the request was already limited to six identified categories of public court records.

33. Twenty working days from August 13, 2026, plus the ten working days of the extension, expired no later than September 28, 2026. As of the date of this Complaint, the Executive Office has made no determination and has produced no records.

**E. Department of Justice: the Criminal Division's case files (CRM-302512531)**

34. On August 19, 2026, Plaintiff submitted to the Criminal Division's FOIA/PA Unit a second request, for the Division's case files in United States v. MacDonald as identified in schedule N1-060-90-001: the correspondence sections of files 90-1-7-54 and 90-1-7-7752; the files' indexes, serial sheets, and charge-out cards; the transmittals, container lists, and later transfer instruments for accessions 60-85-153 and 60-85-201; separation records for audiovisual material; and the records of the Department's receipt, copying, transfer, and disposition of the April 6, 1970 recordings and of Government Exhibits 1116 and 1135.

35. By letter dated August 24, 2026, the Division acknowledged that the request was received on August 19, 2026, assigned it number CRM-302512531, and stated: "Your request has been received by the Freedom of Information Act/Privacy Act Unit and we are searching the section(s) likely to maintain responsive records." Citing unusual circumstances under 5 U.S.C. § 552(a)(6)(B), it extended the time to respond by ten additional days. The letter invited Plaintiff to contact the Unit to "discuss reformulation or an alternative time frame for the processing of your request."

36. On August 26, 2026, Plaintiff wrote to the Unit identifying specific documents within the categories of the request, including statements and progress reports from the Army Criminal Investigation Division's 1971 reinvestigation and the grand jury working papers of the prosecutor, and stated that the letter clarified the existing request and did not enlarge it. The Unit replied the same afternoon: "Thank you for the additional information."

37. Twenty working days from August 19, 2026, plus the ten working days of the extension, expired on October 1, 2026.

38. On September 22, 2026, Plaintiff asked the Unit for placement in the representative-of-the-news-media fee category; for release of records as they are processed, beginning with the material kept in the Division's file room; and for an estimated date of completion under 5 U.S.C. § 552(a)(7)(B). With that letter he enclosed the request for

expedited processing addressed to the Director of Public Affairs that is described in paragraph 44, and asked the Unit to forward it.

39. On October 1, October 2, October 5, and October 15, 2026, Plaintiff wrote to the Unit asking where the search stood, when a determination and a first release could be expected, and whether his requests for expedited processing and news-media fee status had been decided. The October 5 letter also asked for the assistance of the Division's FOIA Public Liaison.

40. On October 26, 2026, the Unit replied by electronic mail. It stated that the request "is being processed on the complex track," that "[o]n average, it takes the FOIA/PA Unit 544 working days to process a complex request," and that "[a] search for responsive records is pending." It stated: "At this time, we estimate that this request will be completed within 24 months." It described that figure as "a preliminary estimate that will likely be modified as our searching is completed." It stated that the request for expedited processing had been directed "to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard," and that "a decision on your expedition request is still pending." The reply did not address the request for news-media fee status.

41. On November 9, 2026, Plaintiff asked the Unit to process the correspondence sections of the two files ahead of the rest of the request and to release them as they are completed, without narrowing the request, and to obtain the pending decision on expedited processing. On November 10, 2026, the Unit replied that it "will prioritize processing the correspondence sections of the case files, should we locate them," and that it "has followed up several times with the Director of Public Affairs regarding your request for expedited processing, and will provide you a response as soon as we receive one." The reply stated no date. It also stated that a separate request Plaintiff submitted on November 9, 2026 for the complete files "will be added to your current request, CRM-302512531." Plaintiff had asked that the November 9 request be processed separately, and the claims in this action rest on CRM-302512531 as submitted on August 19, 2026 and clarified on August 26, 2026.

42. As of the date of this Complaint, the Criminal Division has made no determination on CRM-302512531 and has produced no records.

**F. Department of Justice: the request for expedited processing and the appellate office's "sometime in December"**

43. On September 22, 2026, Plaintiff wrote to the Office of Information Policy noting that the statutory period had expired on two of the four appeals described above and would expire on the other two that day, and requesting expedited adjudication of all four.

44. The same day, Plaintiff requested expedited processing from the Director of Public Affairs under 28 C.F.R. § 16.5(e)(1)(iv) for the Department matters then pending, including requests CRM-302512531 and EOUSA-2026-004908 and appeals A-2026-02208, A-2026-02228, A-2026-02299, and A-2026-02302, with a statement certified to be true and correct, as 28 C.F.R. § 16.5(e)(3) requires. The request described the national reporting on the case over four decades and its return to national television and radio in 2026 as the subject of a public campaign for executive clemency, and the questions about the government's integrity raised by the Department's handling of the evidence. Plaintiff delivered the request by electronic mail to the FOIA offices of the Criminal Division and the United States Parole Commission and to the Office of Information Policy, and asked each to forward it immediately to the Office of Public Affairs, as § 16.5(e)(2) requires of a component that receives such a request.

45. On September 24, 2026, the Office of Information Policy replied: "Please be advised that the EDC for these appeals is sometime in December. Thank you!" Plaintiff answered the same day, asking for the decision on expedited adjudication by October 2, 2026, and for confirmation that his request to the Director of Public Affairs had been forwarded. As of the date of this Complaint, the Office of Information Policy has not responded further.

46. The statute requires agency regulations to ensure that a decision on a request for expedited processing is made, and the requester notified, within ten days after the date of the

request. 5 U.S.C. § 552(a)(6)(E)(ii)(I). For the request of September 22, 2026, that was October 2, 2026. The Department's regulation requires a component that receives a request under § 16.5(e)(1)(iv) to forward it immediately to the Office of Public Affairs, starts the period when that Office receives the request if it is routed within ten working days, and requires a decision within ten calendar days of receipt. 28 C.F.R. § 16.5(e)(2), (e)(4). On that measure the period ended no later than October 17, 2026. On October 26, 2026, the Criminal Division reported that it had directed the request to the Director of Public Affairs and that the decision was "still pending." More than ten calendar days have passed since that report. On November 10, 2026, the Division wrote that it had "followed up several times with the Director of Public Affairs" and would provide a response "as soon as we receive one." As of the date of this Complaint, Plaintiff has received no decision.

**G. Department of the Army: the April 6, 1970 interview recordings (FA26-4463; Appeal FA26-5222)**

47. On August 6, 2026, Plaintiff submitted by electronic mail to the Freedom of Information Act/Privacy Act office of the Army Criminal Investigation Division's Crime Records Center a request for records of Army CID investigations 70-CID023-10198 and 71-CID011-00015 concerning the two recorded interviews of Jeffrey R. MacDonald conducted on April 6, 1970 at Fort Bragg, North Carolina, including the original recordings and every copy, the evidence custody documents, and the chain-of-custody, duplication, transfer, release, loss, and destruction records for those recordings.

48. By electronic mail of August 12, 2026, the office acknowledged the request, assigned it control number FA26-4463, and stated that "[r]elease could potentially take anywhere from 6 months to 24 months." It invoked no unusual circumstances and stated no date on which a determination was expected.

49. On August 24, 2026, Plaintiff submitted to the same office a second request for nineteen enumerated records from Report of Investigation 71-CID011-00015 and related files,

including witness and investigator statements designated Exhibits F-3, G-3, G-7, M-7, and H-7; the complete First and Second Progress Reports of April 13 and May 25, 1971; laboratory bench notes; photographic exhibits; Military Police Report 41029-70; and latent fingerprint records.

50. On August 25, 2026, the office responded that "[a]ction is currently underway on request FA26-4463, received August 6, 2026," and that it was "consolidating our records to reflect FA26-4463 as the single active request." On September 15, 2026, the agency's action officer confirmed that the request "in its entirety, is being reviewed and processed under control number FA26-4463," on the agency's complex processing track.

51. Twenty working days from August 6, 2026 expired on September 3, 2026. The agency made no determination by that date, and none of its communications was a notice of unusual circumstances under 5 U.S.C. § 552(a)(6)(B).

52. On September 8, 2026, Plaintiff wrote to the agency noting that the statutory period had expired and asking for an estimated completion date. On September 14, 2026, the agency replied: "Please keep in mind response time is 6 to 24 months."

53. On September 22, 2026, Plaintiff submitted, through the agency's FOIA office for forwarding to the Office of the Army General Counsel, an administrative appeal for lack of response under Army Regulation 25-55. The appeal asked the appellate authority to direct a determination without further delay and to provide an estimated date of completion, and it requested expedited processing.

54. On September 23, 2026, the action officer wrote that the agency "has not yet issued an initial determination on your request" and needed to determine whether the records "remain in CID custody or are located in archival repositories." On September 24, 2026, he wrote that FA26-4463 was "administratively closed and further processing is suspended until the Office of the General Counsel (OGC) issues its determination." The same day, Plaintiff objected to the suspension and asked the Army's FOIA Public Liaison, under 5 U.S.C. § 552(l), for

assistance in restoring processing and obtaining an estimated date of completion. The Public Liaison did not respond. On September 25, 2026, the action officer confirmed that the appeal had been submitted to the Office of the General Counsel, under number FA26-5222.

55. By letter of October 14, 2026, the Office of the General Counsel granted the appeal "with respect to the agency's failure to issue an initial determination within the applicable statutory time limits," acknowledged that the request "was subject to constructive denial," and stated that it had directed the Criminal Investigation Division "to return your request to active processing at the position in the queue it would have occupied absent the administrative closure." The same letter denied expedited processing. It stated that it "constitutes final action on behalf of the General Counsel" and that Plaintiff "may, if you so desire, seek judicial review of this determination in the federal court system."

56. By electronic mail of October 20, 2026, the action officer wrote that the request had been "returned to active processing in the same queue position it would have occupied had it remained open," that "there are other pending requests ahead of yours," and that processing "requires review of potentially aged archival materials that may be located in archival repositories." He stated: "We are unable to provide a firm estimated completion date at this time." Records that an agency has transferred to a records storage facility remain in the agency's legal custody. 36 C.F.R. § 1232.10.

57. As of the date of this Complaint, the Department of the Army has made no determination on FA26-4463 and has produced no records.

**H. Exhaustion**

58. On FBI Request No. 1690529-000, Plaintiff exhausted his administrative remedies when the Office of Information Policy decided his appeal on May 1, 2026. In each other matter above, the defendant agency failed to comply with the applicable time limit of 5 U.S.C. § 552(a)(6). Under § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative

remedies with respect to each of those. In addition, the Office of the Army General Counsel took final action on Plaintiff's appeal on October 14, 2026.

**COUNT I**
**Department of Justice, EOUSA-2026-004845 and EOUSA-2026-004851: Withholding Without a Search; Failure to Decide the Appeals**
(5 U.S.C. § 552(a)(3)(A), (a)(3)(C)-(D), (a)(6)(A)(ii), (a)(8)(A))

59. Plaintiff repeats the foregoing paragraphs.

60. The Executive Office withheld all responsive records under a categorical privacy rationale without conducting any search and without considering whether any part could be segregated and released, in violation of 5 U.S.C. § 552(a)(3)(A) and (a)(8)(A)(ii). The Office of Information Policy failed to decide Plaintiff's appeals within the twenty working days allowed by § 552(a)(6)(A)(ii), and has stated that its estimated date of completion is "sometime in December."

61. Plaintiff is entitled to an order compelling the Department to conduct a search reasonably calculated to locate the records responsive to both requests as consolidated, including the material the Executive Office agreed on August 11, 2026 to add, and to produce all responsive, non-exempt records.

**COUNT II**
**Department of Justice, CRM-302510090: Closure Without a Search; Failure to Decide the Appeal**
(5 U.S.C. § 552(a)(3)(A), (a)(3)(C)-(D), (a)(6)(A)(ii))

62. Plaintiff repeats the foregoing paragraphs.

63. The Criminal Division closed the request without a search on the stated ground that it was misdirected, although the Department's own records disposition schedule identifies the requested files as Criminal Division case files and, as of 1990, placed their correspondence sections in the Division's file room. The request also sought the Division's own records of what it later transferred and where, which no other component could supply. The Office of

Information Policy failed to decide Plaintiff's appeal within the time allowed by § 552(a)(6)(A)(ii).

**COUNT III**
**Department of Justice, FBI Request No. 1752860-000: Refusal to Confirm or Deny; Failure to Decide the Appeal**
(5 U.S.C. § 552(a)(3)(A), (a)(3)(C)-(D), (a)(6)(A)(ii), (a)(8)(A))

64. Plaintiff repeats the foregoing paragraphs.

65. The Bureau refused to confirm or deny the existence of records after it had written, on October 15, 2025, in response to a request about the same recording, that "the existence of FBI records is acknowledged," and although the district court's docket records an order directing the Bureau to continue storing the evidence in the case. Confirming or denying the existence of custody records would disclose nothing about any individual that the public record of the conviction does not, and the refusal is not a lawful basis for withholding. On information and belief, the Bureau conducted no search. The Office of Information Policy failed to decide Plaintiff's appeal within the time allowed by § 552(a)(6)(A)(ii).

**COUNT IV**
**Department of Justice, FBI Request No. 1690529-000: Withholding of the April 6, 1970 Recording**
(5 U.S.C. § 552(a)(3)(A), (a)(8)(A))

66. Plaintiff repeats the foregoing paragraphs.

67. The Bureau acknowledged the existence of records responsive to Plaintiff's request for the recording and withheld them in full under 5 U.S.C. § 552(b)(6) and (b)(7)(C) on a categorical basis, and the Office of Information Policy affirmed. Those exemptions do not justify withholding a recording that the government played for the jury at a public trial and whose transcript the government placed on the public docket. Any remaining privacy interest is outweighed by the public interest in how the Army conducted the interview. The Bureau also failed to consider partial release and to segregate, as § 552(a)(8)(A)(ii) requires.

68. Plaintiff is entitled to an order directing the Department to produce the records responsive to Request No. 1690529-000, including any recording, or the portions of them that are not exempt.

**COUNT V**
**Department of Justice, EOUSA-2026-004908: Failure to Make a Timely Determination and to Produce Records**
(5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B))

69. Plaintiff repeats the foregoing paragraphs.

70. The Executive Office purported to extend its time to respond beyond the ten working days permitted by § 552(a)(6)(B)(i), gave notice that stated no date on which a determination was expected to be dispatched, arranged no alternative time frame with Plaintiff, and has made no determination within the statutory period as lawfully extended.

**COUNT VI**
**Department of Justice, CRM-302512531: Failure to Make a Timely Determination and to Produce Records**
(5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B))

71. Plaintiff repeats the foregoing paragraphs.

72. The Criminal Division has made no determination within the time required by § 552(a)(6)(A)(i) as extended under § 552(a)(6)(B), has not completed a search, although its own records schedule and the National Archives Catalog show where the files were kept and where files of that series went, and has produced no records. A statement that the request will be completed "within 24 months," made while the search remains pending, does not excuse the Division's failure to comply with the statutory time limits.

**COUNT VII**
**Department of the Army, FA26-4463: Failure to Make a Timely Determination and to Produce Records**
(5 U.S.C. § 552(a)(3)(A), (a)(6)(A)(i))

73. Plaintiff repeats the foregoing paragraphs.

74. Plaintiff's request reasonably describes the records sought and was made in accordance with the agency's published rules.

75. The Department of the Army failed to make a determination within the time required by 5 U.S.C. § 552(a)(6)(A)(i), suspended processing of the request from September 24 to October 14, 2026, has not completed a search for the responsive records, and has failed to produce the responsive, non-exempt records, in violation of 5 U.S.C. § 552(a)(3)(A).

**COUNT VIII**
**Department of the Army, FA26-4463: Failure to Provide an Estimated Date of Completion**
(5 U.S.C. § 552(a)(7)(B)(ii); 32 C.F.R. § 286.9(c))

76. Plaintiff repeats the foregoing paragraphs.

77. Plaintiff requested an estimated date of completion from the Department of the Army on September 8, September 22, September 23, and September 24, 2026. The Department of Defense regulation that governs the Army provides that a component, on request, "will provide an estimated date by which the DoD Component expects to provide a response to the requester." 32 C.F.R. § 286.9(c). The agency has provided none. Statements that "response time is 6 to 24 months" and that the agency is "unable to provide a firm estimated completion date" are not an estimated date on which the agency will complete action on the request.

## COUNT IX
**Search and Duplication Fees Barred by the Missed Time Limits**
(5 U.S.C. § 552(a)(4)(A)(viii))

78. Plaintiff repeats the foregoing paragraphs.

79. The Department of the Army failed to comply with the time limits of § 552(a)(6) and gave no notice of unusual circumstances. The Department of Justice, in EOUSA-2026-004908 and CRM-302512531, gave notice of unusual circumstances and then failed to comply with the extended time limit. Under § 552(a)(4)(A)(viii), an agency in that position may not assess search fees or, for a representative of the news media, duplication fees, and no exception in that provision applies on the present record. No Defendant has yet assessed a fee. Plaintiff seeks a declaration that none may be assessed in these matters for search or, if he is placed in the news-media category, for duplication.

## REQUESTED RELIEF

Plaintiff requests that the Court:

A. Declare that each Defendant has violated the Freedom of Information Act in each of the matters above;

B. Order each Defendant to conduct, in each matter identified in Counts I through VII, a search reasonably calculated to locate all responsive records, including, in FA26-4463, each of the nineteen items enumerated in Plaintiff's August 24, 2026 request, and to produce all responsive, non-exempt records within twenty days of the Court's order, or on a schedule the Court sets;

C. Order each Defendant to produce, for each of those matters, an index of any withheld records or portions, identifying each and the exemption claimed, with a description sufficient to permit review;

D. Declare that Defendants may not assess search fees or, if Plaintiff is placed in the news-media category, duplication fees in the matters identified in Count IX;

E. Order Defendants to preserve all records that may be responsive to Plaintiff's requests while this action is pending;

F. Award Plaintiff his costs under 5 U.S.C. § 552(a)(4)(E); and

G. Grant such other relief as the Court finds just.

Dated: November 18, 2026

Respectfully submitted,

James McGinniss, pro se
7 Pine Tree Circle
Pelham, Massachusetts 01002
413-329-1167
jemcginniss@gmail.com